IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHYLLIS M. WEAVER, <br> Plaintiff, <br><br> v. <br><br> WALGREEN COMPANY, <br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil No. 2:19-cv-06139-JMG |

## MEMORANDUM OPINION

**GALLAGHER, J.**                                            February 23, 2021

Plaintiff Phyllis M. Weaver initiated this lawsuit alleging that her former employer, Defendant Walgreen Company ("Walgreens"), discriminated against her on the basis of race and disability. Presently before the Court is Walgreens' motion to dismiss the complaint for lack of personal jurisdiction, improper venue, untimeliness, and failure to state a claim. For the reasons that follow, the Court concludes that the case should be transferred to a different venue.

**I.     FACTUAL ALLEGATIONS[1]**

Weaver began working for Walgreens as a pharmacist in August 2008. ECF No. 1, ¶ 7. In 2014, she first requested a reasonable accommodation for her disabilities, including general anxiety disorder, major depressive disorder, chronic post-traumatic stress syndrome, systemic lupus, erythematosus, fibromyalgia, Raynaud's syndrome, and migraines. *Id.* ¶ 8–9. This request was denied "[w]ithout justification." *Id.* ¶ 9.

---

[1] The following summary is based on the factual allegations contained in the complaint. For purposes of deciding the improper venue motion, the complaint's allegations are presumed to be true unless contradicted by the defendant's affidavits. *Brockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012); *see also SEC v. Cooperman*, 243 F. Supp. 3d 597, 600 n.1 (E.D. Pa. 2017); 5B FED. PRAC. & PROC. CIV. § 1352 (3d ed.).

Three years later, in August 2017, an armed robbery occurred at Walgreens while Weaver was on duty. *Id.* ¶ 10. During the robbery, a gun was held to her head for fifteen minutes, exacerbating her preexisting conditions. *Id.* As a result, Weaver took short-term disability until December 26, 2017. *Id.* ¶ 11.

When she returned to work, Weaver experienced "consistent" discrimination based on her race and disability, including harassment and a hostile work environment. *Id.* ¶ 12. For example, she was again denied a reasonable accommodation, in May 2018, without any justification.[2] *Id.* ¶ 13. Her manager stated that "he did not care what her medical issues might be, that she was not performing the duties of her position, and that he intended to terminate her employment." *Id.* Weaver claims that her manager's characterization of her work was inaccurate: she "satisfactorily" performed her duties despite her disabilities and a lack of accommodation. *Id.* ¶ 14. Weaver also alleges that she was treated "different[ly] and worse" than her non-Black coworkers "with respect to the performance of her job duties, and resorted to false comparisons of her job performance in order to attempt to create justification for her termination." *Id.* ¶ 16.

Shortly thereafter, Walgreens terminated Weaver's employment on September 6, 2018. *Id.* ¶ 17. The basis of the termination was an alleged violation of Walgreen's "Pharmacy and Healthcare Professionals Commitment to Compliance Policy and Safe Medication Disposal Program Policy." *Id.* Yet Weaver was never aware of nor trained on these policies. *Id.* Rather, she alleges that she was terminated because of her race, her disability, and in retaliation for requesting an accommodation. *Id.* ¶¶ 18–19.

---

[2] Weaver provided her employer with evidence of her disabilities from a health care professional. She also suggested possible accommodations, namely avoiding consecutive shifts, having an assistant on overnight shifts, and relocating her so that she did not have to continue working in the same place where she was robbed. *Id.* ¶ 15.

2

**II.     DISCUSSION**

Walgreens moves to dismiss the case, among other reasons, for improper venue.[3] ECF No. 6-1, at 8–9. In response, Weaver requests that the Court allow the parties to engage in limited jurisdictional discovery, arguing that the issues of personal jurisdiction and venue are intertwined. ECF No. 10-2, 7–8. Both parties rely entirely on the general venue statute, 28 U.S.C. § 1391(b),[4] without addressing the specific venue statute that governs Weaver's Title VII and ADA claims.

Venue must generally be established for each claim contained in the complaint. *Bragg v. Hoffman Homes, Inc.*, No. 04-cv-4984, 2005 WL 272966, at *2 (E.D. Pa. Feb. 3, 2005). Title VII and ADA claims may be brought in

> [1] any judicial district in the State in which the unlawful
> employment practice is alleged to have been committed, [2] in the

---

[3] Walgreens also seeks dismissal based on a lack of personal jurisdiction. Although courts generally will address personal jurisdiction questions as a threshold matter before considering venue, a court may "first analyze the question of venue when 'the resolution of the venue issue 'resolves the case before [the] Court." *Cumberland Truck Equipment Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415, 419 (E.D. Pa. 2005) (quoting *Lomanno v. Black*, 285 F. Supp. 2d 637, 640 (E.D. Pa. 2003)); *see also Crayola, LLC v. Buckley*, 179 F. Supp. 3d 473, 477 (E.D. Pa. 2016). Where the court opts to defer ruling on the personal jurisdiction question, it still has the power to transfer the case, pursuant to section 1406(a). *Lomanno*, 285 F. Supp. 2d at 640; *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

[4] Section 1391(b) provides that, except as otherwise provided by law, venue is proper in the following places:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a corporation resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). In states that have more than one judicial district, such as Pennsylvania, corporations subject to personal jurisdiction in the state are "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." *Id.* § 1391(d).

3

> judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); *see also id.* § 12117 (incorporating Title VII's venue provision to govern ADA claims). This venue provision is considered to be "exclusive," rendering the general venue statute inapplicable to Title VII and ADA cases. *Herzog v. Zales Corp.*, No. 15-cv-1079, 2015 WL 344 8738, at *1 (E.D. Pa. May 29, 2015); *see also* 14D Fed. Prac. & Proc. Juris. § 3825 ("The clear majority view is that the venue provisions of Title VII are exclusive, so the general venue provisions of Section 1391(b) do not apply.").

Section 1981 claims are not governed by a specific venue statute. *Bragg*, 2005 WL 272966, at *2. But in cases where both Title VII and section 1981 claims are brought, courts have recognized the Title VII claim as the "principal" cause of action and therefore proper venue need only be established for that claim. *See, e.g.*, *Yelverton v. Laboratory Corp. of Am. Holdings*, No. 19-cv-6045, 2020 WL 2307353, at *1 (E.D. Pa. May 8, 2020) (citing to *Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 664 –65 (D.D.C. 1982)).

Where a case was filed in the wrong venue, district courts may dismiss the case, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

It is apparent from the briefing that none of the relevant events underlying this lawsuit occurred in Pennsylvania.[5] The unlawful employment practice, along with the rest of the events,

---

[5] The complaint is completely devoid of any reference to the location of the relevant events. *See* ECF No. 1. Walgreens attached Weaver's Equal Employment Opportunity Commission ("EEOC") charge of discrimination

seem to have occurred in North Carolina. The Walgreens store that Weaver worked at during the relevant time is in North Carolina, and therefore that is the state where she would continue to work but for the alleged unlawful employment practice. Indeed, that is where she currently resides. The only connection to Pennsylvania appears to be that Weaver's counsel is located here. As such, venue in the Eastern District of Pennsylvania is improper.[6]

Instead of dismissing this case, the Court finds that the interests of justice and judicial economy favor transferring it to the Eastern District of North Carolina. Weaver could have originally brought this case in that district: it is where the unlawful employment practices allegedly were committed, and where Weaver would have worked but for the alleged unlawful employment practices. That court can then address the remaining claims that were raised in the motion to dismiss. *See Barton v. SmartStream Technologies, Inc.*, No. 15-cv-4115, 2016 WL 11698041, at *3 (E.D. Pa. Jan. 29, 2016) (granting motion to transfer venue and denying the motions to dismiss without prejudice, "so that they may be renewed in the transferee Court").

### III.   CONCLUSION

For the foregoing reasons, the Court will exercise its discretion and transfer this matter to the Eastern District of North Carolina. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

form against a Walgreens located in Wilson, North Carolina. ECF No. 6-2. Weaver, in her response, did not dispute that the relevant events occurred there. *See* ECF No. 10.

[6] It is not entirely clear where the employment records are maintained, but there are no allegations this is in Pennsylvania.